**John CORNYN, Attorney General State of Texas and Carolyn Keeton Rylander, Comptroller of Public Accounts, State of Texas, Appellants,**

v.

**The COUNTY OF HILL, The State of Texas, Appellee.**

No. 10–98–375–CV.

Court of Appeals of Texas, Waco.

Jan. 26, 2000.

John Cornyn, Atty. Gen., Linda Ibach Shaunessy, Asst. Atty. Gen., Christopher D. Livingston, Asst. Atty. Gen., Austin, for appellant.

Christopher J. Tome, Austin, for appellee.

BEFORE: Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**OPINION**

TOM GRAY, Justice.

The County of Hill forwarded fees to the comptroller collected pursuant to the Code of Criminal Procedure. Hill County asserts that a portion of the fees should not have been forwarded and has filed suit to recover the overpayment. The State filed a plea to the jurisdiction asserting that such claims are required to be brought under the Tax Code. The trial court denied the plea to the Jurisdiction. The State brought this interlocutory appeal. Because we find that the fees come under the refund provisions of the Tax Code, if any court has jurisdiction of this particular suit, it is the district courts of Travis County because they have exclusive, original jurisdiction of a suit under the Tax Code for a refund. Accordingly, the trial court's ruling on the plea to the jurisdiction will be reversed and the cause dismissed.

**FACTUAL BACKGROUND**

Under the Code of Criminal Procedure, the fees for certain activities of law enforcement personnel are collected from the accused by the County. TEX.CODE CRIM. PROC.ANN. art. 102.011 (Vernon 2000). A portion of the fees are paid over to the State Comptroller of Public Accounts. The fees at issue in this case were collected and paid over to the State by Hill County from the fourth quarter of 1989 to at least the second quarter of 1992.[1] It appears that the County forwarded the entire amount of the fee, and did not keep its portion as authorized by the Code of Criminal Procedure. In late 1997, Hill County made a written request to the comptroller for the return of its portion of the fees which were alleged to have been improperly paid.[2] The comptroller did not

---

1. There is some question from the briefs as to whether the fees were in fact paid through 1994. This issue is not a part of this appeal.

2. According to the record before us, Ellis County also requested a return of these same fees from the comptroller. To date, Ellis County has received a refund of its fees while

return to Hill County the portion erroneously paid.

## PROCEDURAL BACKGROUND

Hill County filed this suit in the district court of Hill County for return of the overpayment from the comptroller, joining the Attorney General as a defendant.[3] The State answered with a general denial and asserted that as the sovereign, they were immune from suit. The State also asserted that the refund was governed by the procedures in the Texas Tax Code and that Hill County had failed to exhaust administrative remedies and had not followed proper administrative procedures prior to filing suit in accordance with the Texas Tax Code. In addition to their answer which raised these issues, the State filed a plea to the jurisdiction and motion for summary judgment. The district court in Hill County denied both the plea to the jurisdiction and the motion for summary judgment. The State appeals the plea to the jurisdiction. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 1999).

## THE APPEAL

On appeal, the State again asserts that the district court of Hill County is without jurisdiction because the suit is barred by sovereign immunity. Alternatively, the State asserts that the trial court does not have jurisdiction because Hill County failed to exhaust its administrative remedies under the Tax Code. But, if the suit is not barred on either of these bases, the State contends this suit for a refund must be brought in the Travis County district courts which have exclusive jurisdiction under the Tax Code for all disputes concerning refunds.

In its response, Hill County asserts that because the funds in question never came under the control of the comptroller and because the funds were erroneously paid over to the State, the State does not have statutory authority to collect and administer the funds. Thus the funds were never under the administrative jurisdiction of the State and are not subject to the Tax Code. Hill County also asserts that the district court of Hill County is a proper forum, and that sovereign immunity was waived because the comptroller allowed a similar case to proceed in another county.

It is undisputed at this stage of the proceeding that Hill County properly collected the funds. Hill County was obligated to forward to the Comptroller only one-fifth of the amount collected. Hill County appears to have sent it all. The fundamental question is what procedure is available for Hill County to force the State to return money that was erroneously forwarded to the comptroller. The specific question presented to us is whether the district court of Hill County has jurisdiction of an action brought to obtain a refund.

If Hill County must use the Tax Code to pursue a refund of the erroneous payment, Hill County has filed suit in a court that does not have jurisdiction. The Tax Code specifies that only the district courts of Travis County have jurisdiction of refund cases under the Tax Code.

## STANDARD OF REVIEW

■ Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *Bland Ind. School Dist. v. Blue*, 989 S.W.2d 441, 445 (Tex.App.—Dallas 1999, pet. granted). The petitioner in a lawsuit must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause of action. *Texas Ass'n of Bus.*, 852 S.W.2d at 446. A plea to the jurisdiction is

---

Hill County has received no refund and has thus filed this suit.

**3.** The defendants, John Cornyn, Attorney General of Texas, and Carole Keeton Rylander, Comptroller of Public Accounts for the State of Texas, will be referred to jointly as "the State."

the vehicle by which a party contests the trial court's authority to determine the subject matter of a cause. *Bland,* 989 S.W.2d at 445. Whether a trial court has subject matter jurisdiction over a cause is a question of law and is reviewed de novo. *Scott v. Prairie View A & M Univ.,* 7 S.W.3d 717, 719 (Tex.App.—Houston [1st Dist.] 1999, n.p.h.) (*citing Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998)).

## REFUND PROCEDURES UNDER THE TAX CODE

We will start with an analysis of the applicability of the Tax Code. To understand whether the Tax Code refund provisions apply, we must walk through a maze of definitions and provisions to be interpreted.

Rather than start with the specific provisions for a refund and work backwards into the definitions of the various terms, we will first define the terms used by the applicable sections of the Tax Code. Armed with the appropriate legal definitions we will then examine the text of refund provisions of the Tax Code.

■ The analysis begins with the definition of "person." Is Hill County a person? The refund provision of the Tax Code does not contain a definition of "person." Thus, we look to the Code Construction Act which defines "person," to include "government or governmental subdivision … and any other legal entity."[4] Tex.Gov't Code Ann. § 311.005(2) (Vernon 1998). A county is a governmental subdivision of the State. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.001(2)(A)–(B) (Vernon 1997). Hill County is therefore a person for purposes of the Tax Code.

■ The next step in the analysis is whether Hill County is a taxpayer. The legislature amended the definition of "taxpayer" in 1993.[5] Taxpayer is defined as "a person liable for a tax, fee, assessment, or other amount imposed by a statute or under the authority of a statutory function administered by the comptroller." Tex. Tax Code Ann. § 101.003 (Vernon 1999).

Reading these two provisions together, a taxpayer is a person, including a governmental subdivision, which is liable for a fee, or other amount that is imposed by statute. In other words, a county is a taxpayer if it is liable for a fee or other amount imposed by a statute. The county is liable to the State for the fee imposed by and collected under the authority of the Code of Criminal Procedure. Therefore, Hill County is a taxpayer as defined by the Tax Code.

■ However, just because the county is a taxpayer does not necessarily mean that the fee collected is a tax subject to the refund provisions of the Tax Code. Therefore, the next question is whether the fee collected by Hill County is a "tax" for purposes of the manner of seeking a refund.

Refund of "fees" are not directly included in the Tax Code refund provisions. Specifically, the provisions for refund under section 111.104 of the Tax Code only apply to tax, penalty, or interest that have been unlawfully or erroneously collected. However, all the procedures of chapter 111 apply to fees that the comptroller is required to collect. *Id.* § 111.0021 (Vernon 1992). Further, 111.0022 provides that subtitle B, entitled *Enforcement and Collection,* applies to the administration, collec-

---

4. The Code Construction Act, adopted by the Legislature in 1985, provides that in codes adopted by the 60th or subsequent Legislature, the word "person" includes governmental entities. *Harris County v. Louvier,* 956 S.W.2d 106, 108 (Tex.App.—Hous. [14th Dist.] 1997, no writ.).

5. Hill County's original pleadings were filed on March 30, 1998. The current definition of "taxpayer" became effective September 1, 1993. Some of the fees for which a refund is sought were paid over to the State as early as 1987. We see no reason why the current definition of taxpayer should not be applied to a proceeding initiated after the term was defined.

tion, and enforcement of other taxes, *fees*, and charges, including penalties or other financial transactions that the comptroller is authorized to collect or administer under other law. *Id.* § 111.0022.[6] Enforcement and collection under subtitle B of the Tax Code, includes suits for refunds. *See id.* Chapter 112.

■ When interpreting statutes we must give effect to legislative intent. Tex. Gov't Code Ann. § 312.005 (Vernon 1998); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). When reading these sections together, section 111.104 requirements for refunds apply to taxes or fees required to be collected by the comptroller. *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex.1998). From a plain language reading of the statutes together, when sections 111.0021 and 111.0022 were added the legislature intended to broaden the application of Chapter 111 of the Tax Code to specifically include the refund of "fees" under the refund provisions of the code. Thus, for purposes of applying the Tax Code refund provisions, the fee at issue here is a tax.[7]

Having determined that Hill County is a person and the fee is a tax, we now look to the relevant Tax Code provisions for obtaining refunds. The question of whether Hill County can request a refund is initially addressed by section 111.104 which states that "a tax refund claim may be filed with the comptroller by the person who paid the tax." Tex.Tax Code Ann. § 111.104(a) (Vernon 1992). As previously stated, Hill County requested a refund in late 1997. Neither Hill County nor the State disputes that Hill County paid the

collected fees to the comptroller. This leaves us with the question of whether Hill County may pursue its tax-refund claim by suing the comptroller in Hill County.

■ Where the State provides for an administrative remedy, it is an axiomatic presumption that such a remedy must be fully utilized before suit may be filed, if at all. *Id.* § 2001.171 (Vernon 1997); *see Darby v. Cisneros*, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993); *Gibson v. Waco Independent School Dist.*, 971 S.W.2d 199, 200 (Tex.App.—Waco 1998, pet. granted). The Tax Code provides a comprehensive procedure for pursuit of a tax refund. The Tax Code provides the manner and means of bringing suit against the comptroller in a suit for a tax refund. Tex.Tax.Code Ann. § 112 .151(c) (Vernon 1992). Sections 111.0021 and 111.0022, when read together with section 112.151 require that the person seeking the refund must conform to the procedural requirements of sections 111.104 and 111.105 before suit can be filed. If the person has filed a tax refund claim under section 111.104 of the Code, and then filed a motion for rehearing under section 111.105, both of which have been denied by the comptroller, then section 112.151 allows that person to sue the comptroller for the refund.[8] *Id.* § 112.151. The suit must be filed before the expiration of 30 days after the issue date of the denial of the motion for rehearing or it is barred. *Id.*

■ Where a claimant has complied with all procedural requirements of the Tax Code, a suit against the comptroller for a refund is properly brought only in the district courts of Travis County which

---

**6.** The provision contains an exclusion to the extent that other law does not conflict with subtitle B or Subtitle A of title 2, State Taxation. Application of this portion of the section is not currently in dispute in this cause.

**7.** While not directly applicable here, the definition of "tax" added in 1999 with an effective date of September 1, 1999, defines "tax" as ". . . a tax, fee, assessment, charge or other amount that the comptroller is authorized to

administer." Any possible confusion has thus been removed by defining "tax" to include "fees."

**8.** Section 112.151 also requires that the person pay any additional tax found due in a jeopardy or deficiency determination that applies to the tax liability period covered in the tax refund claim. Tex.Tax.Code Ann. § 112.151 (Vernon 1992).

have exclusive, original jurisdiction of such suits. *Id.* § 112.001 (Vernon 1992). Thus, the 66th District Court of Hill County does not have jurisdiction of a suit for a tax refund denied by the comptroller.

## ARE ERRONEOUS PAYMENTS DIFFERENT?

 Hill County argues that because the funds were erroneously deposited, the State does not have statutory authority to collect and administer the fees, therefore, the fees never came under the control of the Comptroller. We do not agree.

Section 111.0021 requires the application of the procedures of Chapter 111 to other taxes and fees that the comptroller is required to collect. Hill County urges us to hold that if an amount is paid to the State that is not actually owed, the provisions of the Tax Code for a refund do not apply. We cannot. Every application for refund is essentially a claim that the State has money to which it is not entitled. We hold the Tax Code applies to amounts erroneously paid to the State.

## SUMMARY

Hill County remitted the fees to the Comptroller. Tex.Code Crim .Proc.Ann. art. 102.011 (Vernon 2000). The Tax Code provides that a taxpayer seeking a refund for fees must comply with the refund procedures provided by the Code. Tex.Tax Code Ann. §§ 111.104, 111.0021, & 111.0022 (Vernon 1992 & 1999). Hill County is a taxpayer because it is a person liable for a fee imposed by statute which is administered by the comptroller. Tex.Tax Code Ann. § 101.003 (Vernon 1999) & Tex. Gov't Code Ann. § 311.005(2) (Vernon 1998).

The Tax Code provides an administrative procedure for obtaining a refund of disputed amounts paid to the comptroller.

*Id.* § 111.104. The Tax Code also includes a procedure to sue the comptroller under section 112.151 if the disputed amounts are not voluntarily refunded. *Id.* §§ 111.104 & 112.151. *See also id.* § 111.107. The Tax Code provides that the district courts of Travis County have exclusive, original jurisdiction of refund suits. *Id.* § 112.001. Therefore, we hold that the district court in Hill County does not have jurisdiction to resolve this dispute.

We do not reach the issue of exhaustion of administrative remedies under this analysis because suits under the Tax Code procedures necessarily lead to the district courts of Travis County. Because suits brought under such procedures provide for exclusive, original jurisdiction in Travis County, the trial court ruling denying the plea to the jurisdiction was erroneous.

## EQUAL PROTECTION

 Hill County vehemently argues that it is being denied equal protection under the law because Ellis County was given a refund of its fees pursuant to a joint letter by the two counties which demanded refunds of fees. Attorneys for the State have offered no explanation as to why Ellis County received a refund while Hill County has received no such refund. At the hearing, attorneys for the State could not explain the State's reason for doing so. However, briefing for neither side shows whether equal protection rights can be brought by a political subdivision. Our holding today in no way grants the county "person" status with regard to the bill of rights, due course of law, equal rights, and privileges and immunities guarantees by the Texas Constitution and similar civil rights provisions of the United States Constitution. *See Andrews v.. Wilson,* 959 S.W.2d 686, 689 (Tex.App.— Amarillo 1998, pet. granted).[9] While we hold that the county is a "person" for

9. The issue of equal protection is not properly before us. Even if a county could raise an equal protection argument, we do not have sufficient information before us which would allow us to determine the manner in which

Hill County has been deprived of equal protection, such as whether the amounts paid to Ellis County were done so for other reasons, or whether such payment is the norm.

purposes of the Tax Code, our definition of "person" in this case is narrowly confined to the Tax Code and its provisions.

## OTHER UNRESOLVED ISSUES

Because we find that the fees in dispute come under the purview of the Tax Code, we do not reach the intriguing issues of (1) whether the doctrine of Sovereign Immunity applies when a county sues the State [10] (2) whether there is a sufficient divergence of parties between the State of Texas and Hill County, a part of Texas, to have a justiciable controversy and (3) if the parties are not otherwise sufficiently divergent to have a justiciable controversy, can the State, by implementation of the Tax Code and allowing suit where none could otherwise exist, thereby confer jurisdiction on the district courts of Travis County to resolve disputes between two parts of state government.

Additionally, the issue of whether other means of relief, such as mandamus, may be available to Hill County is not properly before us.

## CONCLUSION

We hold that the 66th District Court of Hill County does not have jurisdiction to decide this matter. Thus, the trial court's order denying the State's plea to the jurisdiction is reversed. We render judgment granting the State's plea to the jurisdiction and dismiss the case.

---

**10.** By expressly granting the ability to file a refund suit, it appears the Legislature has created a limited but express waiver of sover- eign immunity for ordinary individuals to sue the State in the district courts of Travis County for a tax refund.