HARRIS COUNTY, Harris County District Clerk, and Harris County Clerk, Appellants,

v.

Ron PROLER, Appellee.

No. 14–00–00511–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 19, 2000.

 

Linda Storey Mahar, Michael R. Hull, Jacqueline Lucci, Houston, for appellants.

Benjamin Ray Bingham, Curtis L. Cukjati, E. Conry Davidson, San Antonio, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## OPINION

MURPHY, Chief Justice.

Appellee filed suit seeking a refund of the sheriff's fee he paid at the time of filing an earlier lawsuit in 1996. The court below denied appellants' plea to the jurisdiction. Appellants file this interlocutory appeal asserting that the trial court erred in denying their plea to the jurisdiction. Specifically, appellants contend that appellee's claim is a tax refund suit governed by the provisions of the Texas Tax Code. As such, appellee was required to follow the administrative procedures set out in section 111.104 before filing suit.

## I. STANDARD OF REVIEW

A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *See Cornyn v. County of Hill,* 10 S.W.3d 424, 427 (Tex.App.—Waco 2000, no pet.); *University of Houston v. Elthon,* 9 S.W.3d 351, 355 (Tex.App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *TRST Corpus, Inc. v. Financial Center,* 9 S.W.3d 316, 320 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a *de novo* standard of review. *See Cornyn,* 10 S.W.3d at 427; *Elthon,* 9 S.W.3d at 355; *TRST Corpus, Inc.,* 9 S.W.3d at 320. When deciding a plea to the jurisdiction, the trial court looks solely to the allegations in the petition, and must accept those allegations as true. *See TRST Corpus, Inc.,* 9 S.W.3d at 320. The trial court is

not to consider the merits of the case. *See id.*

## II. DISCUSSION

Appellee's petition seeks to recover a fee authorized by section 118.131 of the Local Government Code. We are called upon to decide whether this fee is a tax.

### A. The Tax Code

Section 101.003 of the Tax Code defines a taxpayer as "a person liable for a tax, fee assessment, or other amount imposed by statute or under the authority of a statutory function administered by the comptroller." TEX.TAX CODE ANN. § 101.003(8) (Vernon Supp.2000); *Cornyn,* 10 S.W.3d at 427. A "tax" is "a tax, fee, assessment, charge, or other amount that the comptroller is authorized to administer." TEX.TAX CODE ANN. § 101.003(13); *Cornyn,* 10 S.W.3d at 428 n. 7.

A person seeking a refund when a tax has been unlawfully or erroneously collected is required to follow the procedures laid out in sections 111.104, 111.105, and 112.151 of the Tax Code. A tax refund claim must be in writing, state the grounds of the claim, and be filed within the applicable limitation period as provided by the Tax Code. *See* TEX.TAX CODE ANN. § 111.104 (Vernon Supp.2000). A person claiming a tax refund is entitled to a hearing if the person requests a hearing in accordance with the procedures prescribed by the comptroller. *See id.* at § 111.105(a). Further, "[a] tax refund claimant who is dissatisfied with the decision on the claim is entitled to file a motion for rehearing." *Id.* at § 111.105(c). A person may sue the comptroller to recover a tax that is the subject of a tax refund claim, if they first file a tax refund claim, and second, file a motion for rehearing. *See id.* at § 112.151(a)(1) & (2).

■ The parties agree that appellee never followed these procedures. Appellee, however, asserts that he did not have to follow these procedures because the re-

fund he sought is not a tax. Specifically, appellee argues that the sheriff's fee does not meet the definition of a "tax" as found in the Tax Code, because the comptroller was not responsible for its collection or administration. We agree.

### B. The Local Government Code

■ The Texas Constitution establishes the commissioners court as the governing body of the county. TEX. CONST. art. V, § 18. "The powers and duties of the commissioners courts include aspects of legislative, executive, administrative, and judicial functions." *Ector County v. Stringer,* 843 S.W.2d 477, 478 (Tex.1992). One such duty of the commissioners courts is found in section 118.131 of the Local Government Code.

Section 118.131 of the Local Government Code allows the commissioners court of a county to set a reasonable fee for services provided by sheriffs and constables. *See* TEX.LOC.GOV'T.CODE ANN. § 118.131(a) (Vernon 1999). The commissioners court is then required to provide written notice of the amounts of the fees to the comptroller. *See id.* at § 118.131(f). "The comptroller shall compile the fee information provided by the counties and send the compilation to: (1) the commissioners court of each county in this state; (2) any statewide association of counties or of officers of counties that requests in writing before December 15 to be informed; and (3) the State Bar of Texas." *Id.* The parties dispute whether this language imposes upon the comptroller a duty to administer, so as to implicate the Tax Code.

### C. The Sheriff's Fee Authorized by Section 118.131 is not a "Tax"

The issue of whether the disputed sheriff's fee constitutes a tax, as that term is defined by the Tax Code, is an issue of first impression. Appellants' argue that *Dallas County v. Sweitzer,* 881 S.W.2d 757 (Tex.App.—Dallas 1994, writ denied) and *LeCroy v. Hanlon,* 713 S.W.2d 335 (Tex. 1986) have determined that filing fees,

such as the sheriff's fee, are general revenue taxes. We disagree that *Sweitzer* or *LeCroy* are dispositive of this question.

*Sweitzer* cites *LeCroy* for the proposition that a filing fee deposited into the state's general revenue fund is a general revenue tax on the right to litigate, and thus an arbitrary and unreasonable interference with a litigant's right of access to the courts. *See Sweitzer*, 881 S.W.2d at 765. *Sweitzer* and *LeCroy* were not asked to make a determination of what constituted a tax as defined by the Tax Code. *See generally, LeCroy*, 713 S.W.2d 335 (deciding whether sections of the Omnibus Fee Bill directing a monetary sum of a person's filing fee to go to the state general revenues, violated the Texas Constitution); *Sweitzer*, 881 S.W.2d 757 (holding that depositing the sheriff's fee into the general revenue violated the Texas Constitution). In fact, neither opinion even cited to the Tax Code. Without a more detailed analysis by the courts in *Sweitzer* and *LeCroy*, their use of the word "tax" is not instructive on the issue before this Court.

The Tax Code specifically defines a tax as a fee that the comptroller is authorized to administer. *See* TEX.TAX CODE ANN. § 101.003(13)(Vernon 2000). In interpreting statutes, we must give effect to legislative intent. *See* TEX.GOV'T CODE ANN. § 312.005 (Vernon 1998); *Fitzgerald v. Advanced Spine Fixation*, 996 S.W.2d 864, 865 (Tex.1999); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). "Legislative intent remains the polestar of statutory construction." *Fitzgerald*, 996 S.W.2d at 865. In ascertaining legislative intent, words and phrases "shall be read in context and construed according to the rules of grammar and common usage." TEX.GOV'T CODE ANN. § 311.011 (Vernon 1998). "[E]very word of a statute is presumed to have been used for a purpose, and the cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible." *Reames v. Police Officers' Pension Bd. of Houston*,

928 S.W.2d 628, 632 (Tex.App.—Houston [14th Dist.] 1996, no writ). "If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald*, 996 S.W.2d at 865. Our analysis, therefore, begins with the Legislature's use of the word "administer."

Webster's Dictionary defines administer as: "To direct or manage; to give or carry out instructions." WEBSTER'S DICTIONARY 6 (1991). Black's Law Dictionary defines administer as: "To manage or conduct.... To discharge the duties of an office; to take charge of business; to manage affairs;...." BLACK'S LAW DICTIONARY 41 (5th Ed.1979). Given the common meaning of the word "administer," we do not find that the comptroller's duties under section 118.131 support a finding that the sheriff's fee is in fact a tax.

Section 118.131 limits the comptroller's duties to the mere collection and compiling of data provided by the commissioners courts of various counties. *See* TEX.LOC. GOV'T.CODE ANN. § 118.131(f) (Vernon 1999). The comptroller does not manage the fees set by the commissioners court in any way. The setting of the fee, and the notice of the fee, are both the sole responsibilities of the commissioners court. *See id.* § 118.131(a) & (e).

Appellants argue that because section 118.131 imposes a duty upon the comptroller to compile data, this satisfies the common understanding of administer. The comptroller, therefore, is authorized to administer the sheriff's fee under section 118.131(f). We disagree. As stated previously, a tax is a fee that the comptroller is authorized to administer. The fee, and the administration of the fee, must go hand in hand in order for the fee to qualify as a tax. What section 118.131(f) authorizes the comptroller to administer is a data compilation program, not the fee. Appellants' sole point of error is overruled.

The trial court properly denied appellants' plea to the jurisdiction.