NO. 12-03-00111-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


GILMER INDEPENDENT 

SCHOOL DISTRICT,
§
 APPEAL FROM THE 115TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


LOUIS DORFMAN,

APPELLEE
§
 UPSHUR COUNTY, TEXAS







OPINION


 Gilmer Independent School District ("GISD") brings this interlocutory appeal from the trial
court's order denying its plea to the jurisdiction in a suit brought by Louis Dorfman ("Dorfman")
contesting the constitutionality of Chapters 41 and 42 of the Texas Education Code. We reverse and
remand.


Background


 In 2002 Dorfman paid $8.76 in taxes to GISD on three mineral properties he owned. He then
filed a suit against GISD seeking a declaratory judgment that Chapters 41 and 42 of the Texas
Education Code "separately and together, individually and otherwise, in their operation and effect"
violate the Texas Constitution and are therefore unconstitutional. 

 GISD responded to the suit with a plea to the jurisdiction. (1) GISD asked the court in its plea
to the jurisdiction to dismiss Dorfman's suit for failure to name the Texas Commissioner of
Education ("the commissioner") as a necessary and indispensable party to the determination of the 
constitutionality of Chapters 41 and 42 of the Texas Education Code. Dorfman responded to GISD's 
plea to the jurisdiction by stating the commissioner was not a necessary party because he was only
seeking a declaratory judgment and injunctive relief "against the assessment and collection of an
unconstitutional tax." Following a hearing, the trial court denied GISD's plea to the jurisdiction. 
GISD timely filed this interlocutory appeal of the order denying its plea to the jurisdiction. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2003).


Issue


 In its first issue, GISD asks us to determine whether the commissioner is a necessary and
indispensable party to determine the constitutionality of Chapters 41 and 42 of the Texas Education
Code. 


Standard of Review

 A plea to the jurisdiction contests the trial court's authority to determine the subject matter
of the cause of action. Cornyn v. County of Hill, 10 S.W.3d 424, 427 (Tex. App. - Waco 2000, no
pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed
under a de novo standard of review. Id. Dismissing a cause of action for lack of subject matter
jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on
the trial court. Harris County v. Cypress Forest Pub. Util. Dist., 50 S.W.3d 551, 553 (Tex. App. -
Houston [14th Dist.] 2001, no pet.). For purposes of a plea to the jurisdiction, we take the
undisputed factual allegations in the parties' pleadings to be true. See Alamo Cmty. Coll. Dist. v.
Obayashi Corp., 980 S.W.2d 745, 746 (Tex. App. - San Antonio 1998, pet. denied). 


Analysis


 Section 37.006(a) of the Declaratory Judgment Act states that "when declaratory relief is
sought, all persons who have or claim any interest that would be affected by the declaration must be
made parties." Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (Vernon 1997). Dorfman's suit
sought to have the entirety of Chapters 41 and 42 of the Texas Education Code declared
unconstitutional. He did not limit his constitutional attack to any specific provisions of Chapters 41
or 42 that may have implicated only GISD. 

 Pursuant to the Texas Education Code, the commissioner of education performs duties in
connection with the equalized wealth level under Chapter 41 and the Foundation School Program
under Chapter 42. Tex. Educ. Code Ann. § 7.055(b)(34), (35) (Vernon Supp. 2003). In reviewing
Chapters 41 and 42, we see dozens of enforcement mandates assigned to the commissioner by the
legislature. See Tex. Educ. Code Ann. §§ 41, 42 (Vernon 1996 & Supp. 2003). GISD bases its
contention that the commissioner is a necessary and indispensable party in this suit on Texas Rule
of Civil Procedure 39 which states in part: "A person who is subject to service of process shall be
joined as a party to the action if in his absence complete relief cannot be accorded to those already
parties...." Tex. R. Civ. P. 39(a). While such a situation is rare, there are parties whose presence is
so indispensable to the resolution of a cause of action that their absence can deprive a court of
jurisdiction. Nuchia v. Woodruff, 956 S.W.2d 612, 616-17 (Tex. App.-Houston [14th Dist.] 1997,
pet. denied) (op. on reh'g). 

 A requirement that a party with authority to enforce a particular statute be named in a suit
to declare the statute unconstitutional is essential to effectuate the well-settled principle that the
courts are without jurisdiction to render advisory opinions. Lone Starr Multi Theatres, Inc. v. State,
922 S.W.2d 295, 297 (Tex. App.-Austin 1996, no pet.). A state official primarily responsible for
enforcement of a statute must be joined in any suit affecting the constitutionality of that statute. See
Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n Inc., 37 S.W.3d 538, 541 (Tex. App.-
El Paso 2001, pet. denied). Failure to add a necessary and indispensable party to the constitutional
challenge of a statute leaves the trial court without jurisdiction. See id. (2) The commissioner is an
indispensable party to Dorfman's suit. Therefore, the trial court erred in denying GISD's plea to the
jurisdiction. GISD's first issue is sustained. 




Conclusion


 Dorfman failed to name the commissioner of education as a defendant in his suit against
GISD. Because the commissioner is an indispensable party, his absence deprives the trial court of
jurisdiction. Since GISD's first issue is dispositive of this interlocutory appeal, we do not consider
its second and third issues. See Tex. R. App. P. 47.1. 

 Accordingly, we reverse the order of the trial court and remand this matter to the trial court
with instructions to enter an order dismissing Dorfman's suit for lack of jurisdiction. 


 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered August 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.













(PUBLISH)















1. GISD also filed a plea in abatement, special exceptions, original answer and affirmative defenses, but
those are not germane to this appeal and will not be discussed.
2. In his brief, Dorfman contends that the issue of failing to add the commissioner as a defendant to his suit is
now moot because eight days after the trial court entered its written order denying GISD's plea to the jurisdiction,
the attorney general for the State of Texas filed a notice of intervention along with his plea to the jurisdiction, special
exceptions and original answer. None of these pleadings are in the record as filed. Only the attorney general's
notice of intervention has been attached to Dorfman's brief. We cannot consider documents attached to an appellate
brief that do not appear in the record. Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App. - Houston [1st Dist.] 1999,
no pet.). This court must hear and determine a case on the record as filed, and may not consider documents attached
as exhibits to briefs. Id.