NO. 12-10-00289-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JONATHAN DONALDSON,                         
§                   APPEAL FROM THE 349TH

APPELLANT

 

V.                                            

                                                                         
§                    JUDICIAL DISTRICT COURT 

TEXAS DEPARTMENT OF
CRIMINAL

JUSTICE–CORRECTIONAL

INSTITUTIONS DIVISION AND

PATRICIA CHAMBERLAIN,

APPELLEES                                                  
§                    ANDERSONCOUNTY, TEXAS







OPINION

Jonathan
Donaldson appeals from the trial court’s dismissal of his suit under Chapter
Fourteen of the Texas Civil Practice and Remedies Code.  He raises four issues
on appeal.  We affirm.

 

Background

Donaldson,
an inmate, claims that Patricia Chamberlain, a TDCJ employee, confiscated
approximately twelve pictures of his girlfriend during a cell search on April
19, 2010.  According to Donaldson, Chamberlain turned the photos in to the
property room, and at some later time, Chamberlain allowed the photos “to
become lost.”  Donaldson filed suit, alleging that Chamberlain’s actions
violated his federal due process rights under the Fourteenth Amendment to the
United States Constitution, and also brought a claim under the Texas Theft
Liability Act (the Act), claiming that Chamberlain’s confiscation of the photos
and their subsequent loss violated the Act.  Donaldson sought $3,000 in
compensatory damages and $9,000 in punitive damages, as well as declaratory and
injunctive relief. 

Donaldson
brought his pro se in forma pauperis suit as an indigent inmate. 
Therefore, the suit is governed by the procedural requirements of Chapter
Fourteen in the civil practice and remedies code.  As required by Chapter
Fourteen, Donaldson attached an unsworn declaration of indigency to his
petition.  The trial court found that Donaldson was not indigent and his
declaration of indigency was false, dismissed his lawsuit, and assessed costs
against Donaldson in the amounts allowed by Chapter Fourteen.  This appeal
followed. 

 

Dismissal of Suit

            In
his second issue, Appellant argues that the trial court erred and abused its
discretion when it dismissed his suit for making false allegations of poverty
in his unsworn declaration.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under
any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco
1991, writ denied).  The trial courts are given broad discretion to determine
whether a case should be dismissed because (1) prisoners have a strong
incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Applicable
Law

Chapter
Fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate in which the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in Chapter Fourteen.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  See id.
§ 14.003 (Vernon 2002); Brewer v. Simental, 268 S.W.3d
763 (Tex. App.–Waco 2008, no pet.) (citing Bell v. Texas Dep’t of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied)).

One
such procedural requirement is that the affidavit or unsworn declaration of
poverty must actually be true and meet certain disclosure standards.  See id.
§§ 14.002(a), 14.003(a)(1); Tex. R.
Civ. P. 145.  “A ‘party who is unable to afford court costs’ is defined
as a person who is presently receiving a government entitlement based on
indigency or any other person who has no ability to pay costs.”  Tex. R. Civ. P. 145(a). 

 

The affidavit must contain complete information as to
the party’s identity, the nature and amount of governmental entitlement income,
nature and amount of employment income, other income (interest, dividends,
etc.), spouse’s income if available to the party, property owned (other than
homestead), cash or checking account, dependents, debts, and monthly expenses. 

 

 

Tex. R. Civ. P. 145(b). 

Generally,
the test for determining entitlement to proceed in forma pauperis is
whether the preponderance of the evidence shows that the appellant would be
unable to pay the costs of his suit if he really wanted to and made a good
faith effort to do so. See Griffin Indus. v. Thirteenth Court of Appeals,
934 S.W.2d 349, 351 (Tex. 1996). A prisoner at a Texas Department of Criminal
Justice facility who has no money or property is considered indigent.  McClain
v. Terry, 320 S.W.3d 394, 397 (Tex. App.–El Paso 2010, no pet.) (citing
Allred v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980)).  However, “[a]n
inmate who has funds in his trust account is not indigent.”  Id.
(citing Tex. Civ. Prac. & Rem. Code
Ann. § 14.006(b)(1)).  The statute outlines a formula by which an inmate’s
trust funds can be utilized for payment of costs.  Tex. Civ. Prac. & Rem. Code Ann. § 14.006(b)(1).

Discussion

When
Donaldson filed suit, he attached an affidavit of indigency.  He also attached
a certified copy of his inmate trust account statement as required by the
statute.  See id. §§ 14.004(c), 14.006(f).  At the time the
trust account statement was prepared, Donaldson had a balance of $233.75, and
the average monthly balance in the six month period preceding his suit was
$63.42.  The average amount deposited each month in the preceding six months
was $170.00.  Also, in the six months preceding the filing of his lawsuit,
$1,020.00 had been deposited in Donaldson’s account, $625.00 of which had been
deposited in the three month period prior to the date Donaldson filed suit.  A
trial court does not abuse its discretion in dismissing a suit when the
plaintiff makes a false allegation of poverty in a suit governed by Chapter
Fourteen.  McClain, 320 S.W.3d at 398.  Since Donaldson had funds
in his inmate trust account, he is not indigent for Chapter Fourteen purposes,
and his allegation of poverty was false.  See id.; see also
Foster v. Comal Cnty. Sheriff, No. 03-08-00539-CV, 2009 WL
2476652, at *2 (Tex. App.–Austin Aug. 13, 2009, no pet.) (mem. op.) (citing Tex. R. Civ. P. 145(a) (defining “party
who is unable to afford costs” as “a person who is presently receiving a
governmental entitlement based on indigency . . . who has no ability to
pay costs” (emphasis added)); Tex. Gov’t
Code Ann. § 501.014(e) (Vernon 2004) (authorizing withdrawal of money
from inmate trust accounts “as payment in full for all orders for court fees
and costs”)).

In
a related subissue, Donaldson appears to complain that he was denied a hearing
to determine his indigency.  However, the plain language of Section 14.003(c)
indicates that the court’s determination to hold a hearing is discretionary.  Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(c); see also Thomas v. Wichita Gen. Hosp.,
952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied).  Moreover, a
hearing was unnecessary because the certified trust account statement provided
ample evidence for the trial court to determine that Donaldson was not
“indigent” as that term is used in the pro se inmate in forma pauperis context.

Donaldson’s
second issue is overruled.

 

Costs

            In
his third issue, Donaldson argues that the trial court erred and abused its
discretion when “it entered a collection order for the collection of court fees
and costs in the sum of $244.00 for expenses [ ] that were not incurred by
[him],  . . . [and could not] be assessed by the district clerk under
applicable state law.”  In particular, Donaldson argues that the only costs he
could have incurred in connection with the filing of his suit were the district
clerk filing fee of $50.00, $10.00 for records management and preservation fees,
and $15.00 for the court reporter fee. 

First,
the language of the trial court’s collection order tracked the payment schedule
as required by Chapter Fourteen.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.006.  Next, with regard to the fees
themselves, the Office of Court Administration has compiled an itemized list of
all filing fees that may be charged to litigants by the district clerk for
2010, the year in which Donaldson filed suit.[2]  That list contains a
description of all fees, the amounts to be charged, and the statutory source
law authorizing each fee.  Donaldson cites only some of the sections
authorizing the collection of fees by the district clerk in lodging his fee
complaint.  See Tex. Gov’t Code
Ann. §§ 51.317 (Vernon Supp. 2010) (filing fees and record management
fee), 51.601 (Vernon Supp. 2010) (court reporter fee).  However, Donaldson
ignored other fees that the district clerk could collect in connection with the
filing of a civil suit such as his.  See, e.g., id. §§ 22.2131 (Vernon Supp. 2010)
(appellate judicial system fee), 51.305 (Vernon Supp. 2010) (district court
records archive fee), 51.708 (court records preservation fee) (Vernon Supp.
2010); Tex. Loc. Gov’t Code Ann.
§§ 133.151 (Vernon 2008) (consolidated state fee), 133.154 (Vernon 2008)
(judicial support fee), 291.008 (Vernon 2005) (courthouse security fee),
323.023 (Vernon 2005) (law library fee).

Donaldson
also complains of a sheriff’s jury fee assessed against him in the amount of
$22.00.  The Texas Constitution establishes the commissioners’ court as the
governing body of the county.  Tex.
Const. art. V, § 18.  Thus, the commissioners’ court of a county can set
a reasonable fee for services provided by sheriffs.  See Tex. Loc. Gov’t. Code Ann. §
118.131(a) (Vernon 2008); see also Harris Cnty. v. Proler, 29
S.W.3d 646, 648 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  The
commissioners’ court must provide written notice of the amounts of the fees to
the Texas Comptroller of Public Accounts.  See id. at §
118.131(f).  The comptroller’s office is then required to compile a list of
fees charged by Texas sheriffs in discharging their duties as set by the
commissioners’ court of the relevant county.  See id.  For the
Anderson County Sheriff’s Office in 2010, the applicable $22.00 fee is a
“Sheriff’s Jury Fee.”[3]  Donaldson failed to show
that the district clerk and sheriff’s office’s fees were not authorized by
state law. 

Donaldson’s
third issue is overruled. 

 

Remaining Issues

Since
it was proper for the trial court to dismiss Donaldson’s suit because the
allegation of poverty in his unsworn declaration of indigency was false, we
need not consider his first issue in which he argues that the trial court
abused its discretion in dismissing his suit as frivolous or malicious because
it had no arguable basis in law.  See Tex.
R. App. P. 47.1. 

Finally,
Appellant filed a reply brief, raising a new issue not raised in his original
brief.  We need not consider issues raised for the first time in a reply brief.
 See Tex. R. App. P. 38.3;
see also Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416,
424 (Tex.1996) (court declined to consider issue first raised in reply brief); Bankhead
v. Maddox, 135 S.W.3d 162, 164 (Tex. App.–Tyler 2004, no pet.). 
Therefore, we decline to do so. 

 

Disposition

            We affirm
the judgment of the trial court.

                                                                                                James T. Worthen

                                                                                                       
Chief Justice

 

Opinion delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] Chapter Fourteen does not apply
to an action brought under the Texas Family Code.  Tex. Civ. Prac. & Rem. Code Ann. 14.002(b) (Vernon 2002).





[2] See http://www.courts.state.tx.us/oca/pdf/DistrictClerkCivilFilingFees2010.pdf.

 





[3] See http://www.texasahead.org/lga/sheriffs/sher10/2010S&CFeeManual.pdf.