NO. 12-10-00397-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JUAN JOSE RAMOS,                                  §                      APPEAL
FROM THE 369TH

APPELLANT

 

V.                                            

                                                                        §                      JUDICIAL
DISTRICT COURT 

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE–

CORRECTIONAL INSTITUTIONS

DIVISION AND L. CLAY,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

Juan
Jose Ramos appeals from the trial court’s dismissal of his suit under Chapter
Fourteen of the Texas Civil Practice and Remedies Code.  He raises three issues
on appeal.  We affirm.

 

Background

Ramos,
an inmate, claims that he was injured on August 7, 2009, while en route to work
detail.  On August 11, 2009, Ramos filed a Step One Offender Grievance Form
with the Texas Department of Criminal Justice–Correctional Institutions
Division (TDCJ-CID).  According to Ramos’s grievance, he was riding in a
trailer when other inmates started jumping off.  Ramos also jumped off the
trailer.  He suffered injuries but did not report them.  In response to his
grievance, TDCJ-CID told Ramos to report his injuries to nursing.

According
to the Step One Offender Grievance Form, TDCJ-CID returned its response to
Ramos on September 4, 2009.  However, Ramos claims that he did not receive the
response.  He then filed his Step Two Offender Grievance Form with TDCJ-CID on
April 17, 2010.  TDCJ-CID responded to his Step Two grievance on July 16, 2010.

Ramos
filed suit against TDCJ-CID and L. Clay, an employee of TDCJ-CID.  According to
Ramos’s petition, Clay was supervising Ramos and other inmates.  Clay told a
tractor driver to pull a trailer of inmates to the work area.  The driver allegedly
protested that the trailer was unsafe because of poor suspension; bald,
improperly inflated tires; a lack of lookout devices, brakes, safety railings,
or seats; and an uneven hitch or fifth wheel.  Appellant alleges that while
they were en route, Clay instructed the driver to “speed up.”  The trailer then
turned over, and Ramos was thrown from the trailer and injured.  Ramos was
taken to the medical department, but because of his limited English, he was
returned to work.

Ramos
brought his pro se in forma pauperis suit as an indigent inmate. 
Therefore, the suit is governed by the procedural requirements of Chapter
Fourteen of the civil practice and remedies code.  The trial court found
Ramos’s claims frivolous or malicious because the realistic chances of ultimate
success are slight.[1] 
Accordingly, the trial court dismissed his lawsuit and assessed costs against
Ramos in the amounts allowed by Chapter Fourteen.  This appeal followed. 

 

Dismissal of Suit

            In
his second issue, Ramos argues that the trial court erred and abused its
discretion when it dismissed his suit because his claims under the Texas Tort
Claims Act and under 42 U.S.C. § 1983 have an arguable basis in law and
fact.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under
any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco
1991, writ denied).  The trial courts are given broad discretion to determine
whether a case should be dismissed because (1) prisoners have a strong
incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Chapter
Fourteen

Chapter
Fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate when the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[2]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in Chapter Fourteen.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  See id.
§ 14.003 (Vernon 2002); Brewer v. Simental, 268 S.W.3d
763, 767 (Tex. App.–Waco 2008, no pet.) (citing Bell v. Tex. Dep’t of
Crim. Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied)).

One
such procedural requirement is the exhaustion of available remedies with the
TDCJ-CID.  See id. § 14.005.  An inmate must file an affidavit or
unsworn declaration stating the date the grievance was filed and the date the
written decision of TDCJ-CID was received by the inmate.  Id. 
The inmate must also attach a copy of the written decision from the grievance
system.  Id.  Dismissal is likewise proper if the inmate filed an
affidavit or unsworn declaration that the inmate knew was false.  Id.
at § 14.003(a).

Additionally,
filing a claim that is frivolous or malicious will result in the dismissal of
an inmate’s suit.  See id.  To determine whether a claim is
frivolous or malicious, the factors we consider include whether the claim’s
realistic chance of ultimate success is slight or the claim has no arguable
basis in law or in fact.  Id. at § 14.003(b). 

Texas Tort Claims Act

            First,
we address Ramos’s claims brought under the Texas Tort Claims Act (TTCA).  See
Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.001-.109 (Vernon 2011).  We must determine whether the trial court
correctly dismissed these claims as frivolous or malicious.

            In
his appellate brief, Ramos devotes one sentence to explaining how the facts
alleged in his petition state a claim under the TTCA.  Specifically, Ramos
argues, “In liberally construing [Ramos’s] allegations as set forth in his
Original Petition, that [Clay’s], an employee of [TDCJ-CID], negligence was the
proximate cause of [Ramos’s] injuries that he suffered, and that negligent
conduct involved the use or condition of tangible personal property.”[3]

            An
appellant’s brief must contain a clear and concise argument supporting the appellant’s
contentions, including appropriate citations to authorities and to the record. 
Tex. R. App. P. 38.1(i).  When an
appellant fails to include any relevant citation of authority or discussion of pertinent
facts to support his contention, we will not perform an independent review of
the record and the applicable law to determine whether the error complained of
occurred.  See Ryan v. Abdel-Salam, 39 S.W.3d 332, 336 (Tex.
App.–Houston [1st Dist.] 2001, pet. denied).  Because Ramos has not met this burden,
he has waived his complaint that the trial court improperly dismissed these
claims.  See id.

            Nevertheless,
even if we were to address the merits of Ramos’s claims brought under the Texas
Tort Claims Act, the result would not change.  Pursuant to the doctrine of sovereign immunity, the State of Texas cannot be sued in her own courts without her
consent and then only in the manner indicated by that consent.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 (Tex. 2003) (citing Hosner
v. De Young, 1 Tex. 764, 769 (1847)).  For the legislature to waive the
state’s sovereign immunity, a statute or resolution must contain a clear and
unambiguous expression of the legislature’s waiver of immunity.  Taylor,
106 S.W.3d at 696.  That means a statute that waives the state’s immunity must
do so beyond doubt.  Id. at 697.  Further, when construing a
statute that purportedly waives sovereign immunity, we generally resolve ambiguities
in favor of the state’s retaining its immunity.  See id.

            The
Texas Tort Claims Act provides a limited waiver of immunity, allowing suits
against governmental units under certain, narrow circumstances.  Tex.
Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  As
relevant in the instant case, those circumstances include “personal injury  . .
.  caused by a condition or use of tangible personal . . . property if the governmental
unit would, were it a private person, be liable to the claimant according to
Texas law.”  Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2) (Vernon 2011).  This section waives immunity
for a use of personal property only when the governmental unit is the user.  San
Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 245-46 (Tex. 2004).  “A
governmental unit does not ‘use’ personal property merely by allowing someone
else to use it and nothing more.”  Id. at 246.  Instead, use
requires the governmental unit to put or bring the personal property into
action or service or employ the personal property for or apply it to a given
purpose.  Id.  Negligent supervision, without more, is not a use
of personal property by a governmental unit.  Tex. A & M Univ. v.
Bishop, 156 S.W.3d 580, 583 (Tex. 2005). 

            We
have reviewed Ramos’s petition for claims that potentially fall within the
waiver of immunity provided by the Texas Tort Claims Act.  Ramos alleges in his
petition that Clay was negligent in allowing Ramos to be pulled in the trailer
and in requiring the trailer to travel at an excessive speed.  However, Ramos
further explains that Clay was not driving the tractor pulling the trailer, but
instead was simply negligent in his supervision of the tractor driver.  He
further alleges that TDCJ-CID was negligent in failing to properly supervise
Clay.  Bishop forecloses these claims under the Texas Tort Claims
Act.  See id.  Thus, Ramos’s claims under the Texas Tort Claims
Act are frivolous because they have no arguable basis in law or fact, and the
trial court did not err in dismissing them.

42 U.S.C.
§ 1983

            Next,
we examine Ramos’s claim brought under 42 U.S.C. § 1983 to determine whether
the trial court correctly dismissed this claim as frivolous or malicious.

            Ramos
devotes one sentence in his appellate brief to explaining how the facts alleged
in his petition state a Section 1983 claim.  Ramos argues that “Clay’s actions
were intentionally, willfully, or wantonly negligent, or [performed] with
conscious indifference or reckless disregard for [Ramos’s] safety. . . .”  He
argues that Clay’s conduct thus violated Ramos’s rights under the Eighth Amendment
of the United States Constitution to not be subjected to cruel and unusual
punishment.

            As
stated previously, an appellant’s brief must contain a clear and concise
argument supporting the appellant’s contentions, including appropriate
citations to authorities and to the record.  Tex.
R. App. P. 38.1(i).  When an appellant fails to include any discussion
of relevant facts to support its contention, we will not perform an independent
review of the record and the applicable law to determine whether the error
complained of occurred.  See Ryan, 39 S.W.3d at 336.  Because
Ramos has not met this burden as to his Section 1983 claim, he has waived his
complaint that the trial court improperly dismissed this claim.  See id.

            A
review of the merits of Ramos’s claim would not change the result.  We have
reviewed Ramos’s petition for potential Section 1983 claims.  Ramos’s petition
raises a claim that Clay forced Ramos to continue working even though Ramos was
in pain from the accident.  Ramos argues Clay’s actions violate Ramos’s right
to be free from cruel and unusual punishment.  However, Ramos failed to make
this claim in his Step One Offender Grievance Form filed with TDCJ-CID on
August 11, 2009.  Instead, Ramos said in his grievance that “everything
[happened] so fast and my [adrenaline] was moving fast that I did not speak up
because I was under a measure of trauma so I just remained quiet and followed
the order of my boss – so that order could be restored.”  Because Ramos did not
complain that Clay kept Ramos working even though Ramos told him that he was in
pain, the basis for his Section 1983 claim was expressly excluded from the
scope of his grievance.  Consequently, Ramos failed to exhaust his administrative
remedies as to the Section 1983 claim.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.005; see also Wolf
v. Tex. Dep’t of Criminal Justice, Institutional Div., 182 S.W.3d 449,
451 (Tex. App.—Texarkana 2006, no pet.) (stating inmates in Chapter Fourteen
suit cannot add claims or issues to lawsuit that were not addressed in
grievance if a grievance is otherwise required).   Therefore, the trial court
properly dismissed Ramos’s Section 1983 claim as well.

Ramos’s
second issue is overruled.  Because we have overruled Ramos’s second issue, we
need not address Ramos’s first issue.  See Tex. R. App. P. 47.1.

 

Costs

            In
his third issue, Ramos argues that the trial court erred and abused its
discretion when it ordered collection of court fees and costs in the sum of
$244.00[4]
for expenses that were not incurred by Ramos and could not be assessed by the
district clerk under applicable state law.  Ramos argues that the only costs he
could have incurred were $75.00.  We previously addressed this exact issue.  See
Donaldson v. Tex. Dep’t of Crim. Justice – Correctional Institutions Div.,
Cause No. 12-10-00289-CV, 2011 WL 2638171, at *3 (Tex. App.—Tyler June 30,
2011, no pet. h.) (slip op.). 

First,
the language of the trial court’s collection order tracked the payment schedule
as required by Chapter Fourteen.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.006.  Next, with regard to the fees
themselves, the Office of Court Administration has compiled an itemized list of
all filing fees that may be charged to litigants by the district clerk for
2010, the year in which Ramos filed suit.[5]  That list contains a
description of all fees, the amounts to be charged, and the statutory source
law authorizing each fee.  Ramos cites only some of the sections authorizing
the collection of fees by the district clerk in lodging his fee complaint.  See
Tex. Gov’t Code Ann. §§
51.317 (Vernon Supp. 2010) (filing fees and record management fee), 51.601
(Vernon Supp. 2010) (court reporter fee).  However, Ramos ignored other fees
that the district clerk could collect in connection with the filing of a civil
suit such as his.  See, e.g., id. §§
22.2131 (Vernon Supp. 2010) (appellate judicial system fee), 51.305 (Vernon
Supp. 2010) (district court records archive fee), 51.708 (court records
preservation fee) (Vernon Supp. 2010); Tex.
Loc. Gov’t Code Ann. §§ 133.151 (Vernon 2008) (consolidated state fee),
133.154 (Vernon 2008) (judicial support fee), 291.008 (Vernon 2005) (courthouse
security fee), 323.023 (Vernon 2005) (law library fee).

Ramos
also complains of a sheriff’s jury fee assessed against him in the amount of
$22.00.  The Texas Constitution establishes the commissioners’ court as the
governing body of the county.  Tex.
Const. art. V, § 18.  Thus, the commissioners’ court of a county can set
a reasonable fee for services provided by sheriffs.  See Tex. Loc. Gov’t. Code Ann. §
118.131(a) (Vernon 2008); see also Harris Cnty. v. Proler, 29
S.W.3d 646, 648 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  The
commissioners’ court must provide written notice of the amounts of the fees to
the Texas Comptroller of Public Accounts.  See id. at §
118.131(f).  The comptroller’s office is then required to compile a list of
fees charged by Texas sheriffs in discharging their duties as set by the
commissioners’ court of the relevant county.  See id.  For the
Anderson County Sheriff’s Office in 2010, the applicable $22.00 fee is a
“Sheriff’s Jury Fee.”[6]  Ramos failed to show that
the district clerk and sheriff’s office’s fees were unauthorized by state law. 

Ramos’s
third issue is overruled.

 

Disposition

            Having
overruled Ramos’s second and third issues and determined that Ramos’s first
issue need not be addressed for the resolution of this appeal, we affirm the
judgment of the trial court.

 

                                                                   Brian
Hoyle

                                                                       
Justice

 

 

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] See Tex. Civ. Prac. & Rem. Code Ann. §
14.003 (Vernon 2002).  





[2] Chapter Fourteen does not apply
to an action brought under the Texas Family Code.  Tex. Civ. Prac. & Rem. Code Ann. 14.002(b) (Vernon 2002).





[3] In Ramos’s petition and brief, he argues only the use
or condition of tangible personal property ground for waiver of sovereign
immunity under the TTCA, and not the separate ground that his injuries arose
from the operation or use of motor-driven vehicles or equipment. Compare
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(1) with § 101.021(2) (Vernon 2011); see also Cnty.
of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002) (grounds for waiver
of sovereign immunity under TTCA are distinct); Lacy v. Rusk State Hosp.,
31 S.W.3d 625, 629 (Tex. App.—Tyler 2000, no pet.) (plaintiff must plead
specific ground upon which he relies for sovereign immunity waiver under TTCA).

 





[4] In another part of his brief,
Ramos references the total amount of the fees charged by the district clerk,
$281.00.  However, these charges included $37.00 for the clerk’s record for the
appeal that is not included in the trial court’s order for collection.  Ramos’s
appeal relates to the trial court’s order for collection, not the amount the
district clerk believes Ramos owes.  Thus, we examine the propriety of the
charges that are a part of the trial court’s order for collection only.

 





[5] See http://www.courts.state.tx.us/oca/pdf/DistrictClerkCivilFilingFees2010.pdf.

 





[6] See http://www.texasahead.org/lga/sheriffs/sher10/2010S&CFeeManual.pdf.